**Marion KINDIG, Appellant**

v.

**WHOLE FOODS MARKET GROUP, INC., Whole Foods Market, Inc., Appellee.**

No. 13–7168.

United States Court of Appeals, District of Columbia Circuit.

June 5, 2015.

Marion Kindig, Bethesda, MD, pro se.

Justin McArthur Cuniff, Esquire, Setliff & Holland, PC, Annapolis, MD, for Appellee.

BEFORE: GRIFFITH, SRINIVASAN, and PILLARD, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing; appellant's request to supplement the appendix, the opposition thereto, the reply, and appellant's motion to strike the opposition; appellee's motion to supplement the appendix, the opposition thereto, and the reply; and appellant's motion to clarify and for an extension of time, the opposition thereto, and the reply (which contains a request to strike the opposition), it is

**ORDERED** that the motion and request to strike be denied. Because appellant served her motions to clarify and to supplement the appendix by mail, appellee had 13 days to respond, so the oppositions were timely. *See* Fed. R.App. P. 26(c), 27(a)(3)(A). It is

**FURTHER ORDERED** that the motions to supplement the appendix be granted. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's September 20, 2013 order dismissing this action with prejudice be affirmed. This court's review is for abuse of discretion. *Trakas v. Quality Brands, Inc.,* 759 F.2d 185, 186–87 (D.C.Cir.1985). The district court considered the relevant factors, including "the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." *Bristol Petroleum Corp. v. Harris,* 901 F.2d 165, 167 (D.C.Cir.1990) (citing *Shea v. Donohoe Constr. Co.,* 795 F.2d 1071 (D.C.Cir.1986)). Under the circumstances, the magistrate judge did not abuse his discretion, particularly in light of appellant's two last-minute cancellations of the trial. *See Shea,* 795 F.2d at 1076 ("[W]here a party or counsel announces at the last minute that he cannot participate in a scheduled trial, the District Court is not required to disrupt its well-planned trial schedule to find a new date for the missed trial."). It is

**FURTHER ORDERED** that the motion to clarify and extend time be dismissed as moot. Appellant seeks clarification on how she can demonstrate that she retained counsel, who she alleges attempted to enter an appearance on September 3, 2013. But even accepting as true appellant's allegations on this point, the dismissal of her case was still within the district court's discretion based on her conduct prior to that date, particularly her last-minute cancellations of the April 2013 and

August 2013 trials. As for her request for an extension of time, it is moot because appellant timely filed her reply brief.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.